# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN L. HAMILTON, *et al.*, <br>    Plaintiffs, <br><br> v. <br><br> THE SCHOOL DISTRICT OF <br> PHILADELPHIA, *et al.*, <br>    Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **CIVIL ACTION NO. 18-CV-5323** |
| MARILYN L. HAMILTON, *et al.*, <br>    Plaintiffs, <br><br> v. <br><br> THE SCHOOL DISTRICT OF <br> PHILADELPHIA, *et al.*, <br>    Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **CIVIL ACTION NO. 18-CV-5396** |

## MEMORANDUM

**PRATTER, J.**                                                                             **DECEMBER 18, 2018**

Plaintiff Marilyn L. Hamilton, a regular litigant in this Court, filed two civil actions on behalf of herself and her minor son against the School District of Philadelphia, John Welsh Elementary, Prerna Srivastava (identified as the principal) and Bridget Donnelly (identified as a teacher), based on allegations that her son was bullied at school. Ms. Hamilton seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Ms. Hamilton leave to proceed *in forma pauperis*, dismiss her Complaints, and deny her Motions for Appointment of Counsel.

### I. FACTS

Ms. Hamilton alleges that her minor son, S.R., was bullied by three girls at Welsh Elementary

1

School on December 10, 2018 half an hour before the time for dismissal. Specifically, she contends that the girls "bullied, harassed, taunted, pushed, called [the] child names and assaulted him by spraying him with perfume in the presence of Mrs. Donnelly." (Civ. A. No. 18-5323 Compl. at 6.)[1] In a document attached to the Complaint, Ms. Hamilton clarifies that the girls called her son "stank" and told him that he smells before spraying the perfume. (*Id.* at 10.) In response, her son "got angry and said forget this and was claimed to have been cussing." (*Id.*) It appears from another document attached to the Complaint that S.R. received a detention for cursing and being overly talkative in class. (*Id.* at 11.)

According to Ms. Hamilton, on December 10, 2018 S.R. was "returned back home by the Principal because the teacher made him miss the school bus [and] this is not fair as [he] had nothing to do with the wrong doing." (*Id.* at 9.) She also alleges that the girls "were not in trouble for the harm they caused because they are girls and of different races." (*Id.* at 6.) She identifies the races of the girls as "black, white, and white mix with caucasian." (*Id.* at 10.) In later filings, Ms. Hamilton identifies S.R. as black.

Ms. Hamilton indicates that this was not the first time the girls bullied her son and alleges that she "wrote to the principal school tried to talk to the assistant principal at the office and the bullying just goes on and on." (*Id.* at 10.) She claims that Mrs. Donnelly "will pretend to lightly stop" the bullying if it occurs outside the classroom but that she will not stop the bullying in the classroom. (*Id.*) Ms. Hamilton states that although the girls do not get into trouble, if her son "does anything back he will be suspended." (*Id.*)

Based on those allegations, Ms. Hamilton filed her first Complaint on December 11, 2018—the day after the incident—which was docketed as Civil Action Number 18-5323. It

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

appears that she is raising civil rights claims related to discrimination against her child based on race and gender, as well as claims related to "bullying, assault, harassment." (*Id.* at 9.) She also suggests that "the school retaliated as well since last cases thrown out" which is presumably a reference to one of her civil rights cases, although that is unclear. (*Id.* at 6.) She claims the following injuries as a result of the incident: "Mentally anguish," "embarrassment," "unfair treatment," "peace is damaged," "child fears for his safety as bullying is out of hand and does not want to go to school," and "worried that teacher wont stop offenses after asking her several times she refuses and ignores him." (*Id.* at 7.) Ms. Hamilton asks this Court to "enforce bullying rights" and for $1,900,000 in damages. She also filed a motion seeking appointment of counsel.

Before the Court had an opportunity to review her filings, Ms. Hamilton apparently returned to the Court offices on December 13, 2018. She filed an Amended Complaint in 18-5323, which reiterates the claims in her initial Complaint. She also filed a second Motion for Leave to Proceed *In Forma Pauperis* and two Motions for Appointment of Counsel. In an exhibit to one of those Motions, Ms. Hamilton contends that "Ms Donnelly refuses to assist [her] child with safety because he is a black child and she does not stop girls from beating up boys or hitting them." (Civ. A. No. 18-5323 ECF No. 7-1 at 2.) This statement identifies the assailant as a "caucasian mixed hispanic girl." (*Id.*)

Ms. Hamilton also filed a new civil action on December 13, 2018, which was docketed as Civil Action Number 18-5396. The Complaint in that case, like the prior case, includes S.R. as a plaintiff and raises essentially the same claims as the prior case based on an incident that allegedly occurred on December 12, 2018. Ms. Hamilton alleges that "Ms. Donnelly pulled (L) desk close right by S.R. (L) began bullying harassing S.R. even worser, and . . . threatened S.R.

3

by letter stating she is going to slap him up to hell."[2] (Civ. A. No. 18-5323 Compl. at 5.) According to Ms. Hamilton, S.R. showed the letter to his teacher, who did nothing to stop the bullying. Ms. Hamilton alleges that "Mrs. Donnelly doesn't assist (S) when it is girls, and does not care about black children and this is very harsh because [her] child is not safe." (*Id.* at 9.) Ms. Hamilton seeks damages in the amount of $900 for "medical costs" because she wants S.R. "to get checked [and] a shot ASAP." (*Id.* at 6.)

As in Civil Action Number 18-5323, Ms. Hamilton seeks leave to proceed *in forma pauperis* and appointment of counsel. She also filed motions asking the Court to stop the bullying of her son. In one of those motions, Ms. Hamilton describes other incidents where her son was harmed by other children at school. She appears to be seeking a protection from abuse order, a formal procedural and substantive order typically sought and evaluated in state courts.

## II.     STANDARD OF REVIEW

The Court grants Ms. Hamilton leave to proceed *in forma pauperis* because it appears that she is incapable of prepaying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss her pleadings if they fail to state a claim. To survive dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Because Ms. Hamilton is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] An attachment to the Complaint indicates that the girl stated she would "slap [his] ass all the way up to HELL." (Compl. at 9.)

### III. DISCUSSION

Ms. Hamilton is primarily attempting to assert claims on behalf of her minor son. Ms. Hamilton, however, lacks standing to pursue claims on behalf of S.R. and may not represent S.R. *pro se* in federal court. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a pro se litigant who is not an attorney may not pursue claims on behalf of anyone other than himself). Accordingly, the Court must dismiss any claims seeking relief on behalf of S.R.

If Ms. Hamilton is pursuing claims in her own right, she has not alleged any plausible basis for a federal claim. The Court construes Ms. Hamilton's complaints as attempting to raise constitutional claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Third Circuit Court of Appeals has explained that, although bullying most certainly is a serious problem, the Constitution simply does not provide a remedy where a school is alleged to have failed to properly address a specific bullying situation. *See Morrow v. Balaski*, 719 F.3d 160, 163 (3d Cir. 2013) (en banc). Ms. Hamilton stated not any other plausible basis for a federal claim on her own behalf.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Ms. Hamilton leave to proceed *in forma pauperis*, dismiss claims raised on behalf of S.R. without prejudice, and dismiss Ms. Hamilton's claims with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ms.

5

Hamilton will not be permitted to amend because amendment would be futile. Ms. Hamilton's allegations do not suggest a legitimate basis for a federal lawsuit. Ms. Hamilton's remaining motions, including her motions for Appointment of Counsel, are denied.[3] *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). If appropriate, Ms. Hamilton may want to consider seeking a protection from abuse order from the appropriate state court., but this Court expresses no view as to the merits of any such effort. An appropriate Order follows.

**BY THE COURT:**

**S/Gene E. K. Pratter**
**GENE E.K. PRATTER, J.**

---

[3] Ms. Hamilton appears to be requesting counsel from one of the Court's volunteer attorney panels. The Court has created three panels of volunteer attorneys who are willing to accept appointment in prisoner civil rights cases, employment discrimination cases, and social security cases. Ms. Hamilton's case does not fall within any of those programs and, therefore, she is not eligible for referral to the Court's volunteer counsel panels.